Frank A. Weiser (#89780)
Law Offices of Frank A. Weiser
3460 Wilshire Blvd., Suite 1212
Los Angeles, CA 90010
Telephone: (213) 384-6964
Telefax: (213) 383-7368
E-Mail:  maimons@aol.com

Attorney for Defendant
RISH INVESTMENTS,
INC., a California corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>              Plaintiff,<br><br>v.<br><br>RISH INVESTMENTS, INC., a California corporation; GAZI MONIRUL ISLAM, also known as GAZI M. ISLAM and GAZI ISLAM, an individual doing business as New Gage Motel; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF STATE CASE TO FEDERAL COURT** |

1. Defendant RISH INVESTMENTS, INC., a California corporation ("Defendant"), hereby removes to this Court the attached original state civil complaint entitled The People of the State of California v Rish Investments, Inc., a California corporation; GAZI MONIRUL ISLAM also known as <u>GAZI M. ISLAM, an individual doing business as New Gage Motel and Does 1 through 50, inclusive</u>, Los Angeles Superior Court Case No. 23STCV18514. A copy of the original civil complaint and answer filed by the defendant is attached hereto as Exhibit "A".

2. The action is a civil action commenced against the Defendant by the Plaintiff THE PEOPLE OF THE STATE OF CALIFORNIA ("Plaintiff") for abatement and injunction of a motel commonly known as the New Gage Motel located at 6310 S. Figueroa Street, Los Angeles, CA 90003 ("NGM").

3. This case is related to the case of <u>Hitendra Bhakta, New Gage Motel, v City of Los Angeles, et al</u>.; USDC Case No. CV23-09156-CBM-MRW ("Federal Civil Rights Case"), a federal civil rights complaint filed by the Defendant and its principal owner, HITENDRA BHAKTA ("HB") for civil rights violations concerning the CITY OF LOS ANGELES' law enforcement actions against the Defendant and NGM.

4. Subject matter jurisdiction exists to remove the matter pursuant to 28 U.S.C. Section 1441©(1)(A), as the question of the validity of the claims which involve interstate commerce and alleged interstate sex trafficking is inextricably bound up with the federal question of whether such an action is preempted by the federal Victim of Trafficking Victims and Violence Protection Act of 2000, ("TVPA"), as the litigation of this sort stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress under the TVPA, and

other Congressional enactments dealing with abatement of interstate sex trafficking, and also in particular with interstate sex trafficking of minors and its definition in application of state abatement trafficking laws.

5. In addition, transient occupancy at hotels and motels including clearly affects interstate commerce and falls within the scope of the TVPA.

6. Federal civil rights statutes the Congress enacted under its Commerce Clause power under the United States Constitution, Article 1, Section 8, Clause 3, allows it to do so because such commercial activity affects interstate commerce.

7. Congress has enacted numerous civil rights statutes under its Commerce Clause power such as 42 U.S.C. Section 1982 prohibits nongovernmental discrimination in the ownership or leasing of rental property based on race or religion, the Federal Fair Housing Act, 42 U.S.C. Section 3604©, prohibiting private and non governmental discrimination in the renting of real property.

8. Congress has also enacted 18 U.S.C. Section 844(j) which makes it a federal crime to maliciously damage or destroy by means of fire or an explosive, any building used in interstate commerce or foreign commerce.

9. In Russell v United States, 471 U.S. 858, 862 (1985), the United States States Supreme Court held that the rental of real estate is an activity that affects interstate commerce and falls within the scope of 18 U.S.C. Section 844(j).

10. Therefore, the construction and effect of the TVPA and other Congressional enactment dealing with abatement of interstate sex trafficking, and in its construction and effect to this cases, implicates federal jurisdiction. See Hopkins v Walker, 244 U.S. 486, 489 (1917) (federal jurisdiction was proper because "it [was] plain" that the case involved "a controversy respecting the **construction and effect** of" federal mining laws).

11. A separate and independent basis for removal exists as to this proceeding in that this action is a summary special proceeding that has a limited ability

to hear federal rights defenses as raised in the answer to the complaint and in the Federal Civil Rights case, and structurally while such defenses would be entitled to a jury determination of the facts under the Seventh Amendment of the United States Constitution and federal law dealing with the right to trial in cases involving violations of federal civil rights, no such right exists under California law which requires that the matter be tried to a court and not a jury. See Bank of Columbia v Okely, 17 U.S. (4 Wheat.) 235, 244 (1819) (Seventh Amendment right to jury trial was "intended to secure the individual from the arbitrary exercise of the powers of government . . . "); Curtis v Loether, 415 U.S. 189 (1974) (Seventh Amendment of the Constitution entitles either party to demand a jury trial in an action for damages in the federal courts under section 812 of the Civil Rights Act of 1968, thus entitling defendants to such a right even though the plaintiff only sought equitable and injunctive relief).

12. 28 U.S.C. Section 1443(1) and (2) permits removal from a state court to a United States District Court "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

13. Nothing on the face of the statute, 28 U.S.C. Section 1443(1) and (2) states that the statute providing for equal rights must be a facially and racially discriminatory statute, and as read as such, the removal statute itself would be unconstitutional under the Fourteenth Amendment Equal Protection Clause. See Gunn v Minton, 568 U.S. 251, 260 (federal question jurisdiction focuses on requirement whether a case "turn[s] on substantial questions of federal law."); see also Smith v Kan. City Title & Tr. Co., 255 U.S. 180, 201 (1921) (an issue has such importance when it raises substantial questions as to the interpretation or validity of a federal

statute).

14. The removal of this action is timely as it is made within thirty (30) days under 28 U.S.C. Section 1446(b)(3) in that the Defendant first ascertained that the cases is or has become removeable.

15. The Defendant requests a jury trial under the Seventh Amendment of of the United States Constitution and FRCP 38.

Dated: April 21, 2024            LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Defendant RISH INVESTMENTS,
INC., a California corporation