UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02959-SVW-SSC | Date | June 7, 2024 |
|---|---|---|---|
| Title | *Dipak Patel v. Hero, LLC et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [9]

## I.  Introduction

Before the Court is a motion to remand the action back to state court. Dkt. 9. For the following reasons, the motion is GRANTED.

## II.  Factual and Procedural Background

Plaintiff Dipak Patel ("Plaintiff") filed this lawsuit against defendants Hero, LLC, Rahul Arya, Hitesh Patel, and Pravin Patel (collectively, "Defendants"), in Los Angeles Superior Court on February 6, 2024. Dkt. 9-1. Plaintiff alleged five causes of action against Defendants, including fraudulent concealment, breach of fiduciary duty, unjust enrichment, and violations of California's Business and Professions Code and Corporations Code. *Id.* ¶¶ 26–51. Defendants removed the case on April 11, 2024. Dkt. 1. Plaintiff filed this motion to remand on May 3, 2024. Dkt. 9.

Plaintiff is a United States citizen residing in India. Dkt. 9-1 at 1. Each Defendant resides in and is a citizen of California. Dkt. 9 at 1. Defendants argue that removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

---

[1] Defendants do not indicate anywhere in their notice of removal or opposition whether they believe Plaintiff is a citizen of a foreign state, such as India, or a citizen of one of the United States, for purposes of 28 U.S.C. § 1332. *See* Dkt. 1; Dkt. 12. Defendants simply claim that diversity jurisdiction exists because: "Plaintiff is not a citizen and resident of the State of California" and that Defendants *are* citizens of California. Dkt. 1, ¶ 3.

| | : |
|---|---|
| Initials of Preparer | PMC |

**CIVIL MINUTES - GENERAL**   Page 1 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02959-SVW-SSC | Date | June 7, 2024 |
|---|---|---|---|
| Title | *Dipak Patel v. Hero, LLC et al* | | |

### III. Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

### IV. Remand to State Court

None of the Plaintiff's claims arise under federal law. Thus, we do not have federal question jurisdiction under 28 U.S.C. § 1331.

Defendants removed the case based on 28 U.S.C. § 1332(a), claiming that complete diversity exists because Plaintiff is not a citizen or resident of California. Dkt. 9-2, Notice of Removal from State Court to Federal Court, ¶ 3. At the same time, Defendants admit that they are all residents and citizens of California. *Id.* 28 U.S.C. § 1441(b)(2) provides that if a case is removable solely on the basis of 28 U.S.C. § 1332(a), it cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, the action was brought in California. Defendants are all citizens of the State of California. Therefore, it cannot be removed pursuant to 28 U.S.C. § 1441(b)(2).

Defendants argue that a violation of 28 U.S.C. § 1441(b)(2) is considered a non-jurisdictional defect, to which the Plaintiff must object within 30 days of removal, or else the defect is waived. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006). Defendants removed the case on April 11, 2024. Dkt. 1. Plaintiff timely filed this motion to remand on May 3, 2024, within the 30-day window. Dkt. 9. Thus, Plaintiff did not waive his ability to remand the matter.

|  | : |
|---|---|
| Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-02959-SVW-SSC | Date | June 7, 2024 |
|---|---|---|---|
| Title | *Dipak Patel v. Hero, LLC et al* | | |

Plaintiff also argues that removal was improper because Plaintiff is a stateless citizen, such that a federal court would not have diversity jurisdiction under 28 U.S.C. § 1332(a). However, because the case can be remanded based on 28 U.S.C. § 1441(b)(2) alone, we need not address Plaintiff's alternative argument.

### V. Attorney's Fees

Plaintiff also moves for attorney's fees and costs in the amount of $4,165.00. Dkt. 13 at 6. 28 U.S.C. § 1447(c) provides that an order remanding the case may require payment of just costs and any actual expenses incurred as a result of the removal, including attorney's fees. District courts have discretion in deciding whether to award fees. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). Generally, courts may award attorney's fees under 28 U.S.C. § 1447(c) when the removing party lacks "an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, we find no objectively reasonable basis for Defendants to seek removal, as it was clearly barred by 28 U.S.C. § 1447(b) regardless of whether Plaintiff can be considered a stateless citizen. Prior to filing this motion to remand, Plaintiff's attorney reached out to Defendants, informing them of the "forum defendant rule" and that removal was improper. Dkt. 9-3. Plaintiff's attorney also advised Defendants that if they did not stipulate to remand this case to state court, Plaintiff would seek remand. *Id.* Defendants did not respond to the email or calls by Plaintiff's attorney. Dkt. 9 at 6. Further, in their opposition, Defendants do not present any reason as to why the forum defendant rule does not apply in this case. Defendants baselessly claim that Plaintiff waived his ability to seek a remand when it is plainly evident that Plaintiff timely filed the motion to remand. As we find no reasonable basis for Defendants' removal, either in their initial notice of removal or in their opposition, we conclude that the Defendants lacked an objectively reasonable basis for seeking removal, and that Plaintiff should therefore be awarded attorney's fees. *See Everest Sys. Co. v. Platinum Roofing, Inc.*, 2019 U.S. Dist. LEXIS 125200, 2019 WL 3387951, at *2 (N.D. Cal. July 26, 2019) (granting motion to remand based on forum defendant rule and awarding attorney's fees); *Open Text Inc. v. Beasley*, 2021 U.S. Dist. LEXIS 142814, 2021 WL 3261614, at *6–7 (N.D. Cal. July 30, 2021) (awarding attorney's fees where plaintiff made repeated efforts to have defendant voluntarily remand case by bringing the forum defendant rule to her attention, yet defendant "refused even to acknowledge the issue").

| | : |
|---|---|
| Initials of Preparer | PMC |

Case 2:24-cv-02959-SVW-SSC Document 25-1 Filed 06/07/24 Page 4 of 4 Page ID #:173

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02959-SVW-SSC | Date | June 7, 2024 |
|---|---|---|---|
| Title | *Dipak Patel v. Hero, LLC et al* | | |

Plaintiff's attorney, Connor Inlow, has worked a total of 8.7 hours in connection with the notice of removal and motion to remand, at an hourly rate of $350.00, which totals $3,045.00.[2] Dkt. 13, Declaration of Connor Inlow, ¶¶ 6–8. We find both the time and the hourly rate reasonable. *See Magnoliadrhomes LLC v. Kahn*, 2021 U.S. Dist. LEXIS 144173, 2021 WL 3286830, at *3 (N.D. Cal. Aug. 2, 2021) (awarding $9,000, based on 12 hours at $750/hour, for successful motion to remand based on forum defendant rule); *Everest*, 2019 U.S. Dist. LEXIS 125200, 2019 WL 3387951, at *2 (granting motion to remand and awarding $2,800 for 8 hours at $350/hour); *Open Text*, 2021 U.S. Dist. LEXIS 142814, 2021 WL 3261614, at *7 (granting motion to remand and awarding $7,786.00).

### VI. Conclusion

For the reasons given above. Plaintiff's motion to remand is GRANTED, as well as attorney's fees in the amount of $3,045.00. The case is REMANDED.

!

**IT IS SO ORDERED.**

---

[2] Plaintiff's attorney anticipates that attending the hearing on the motion to remand, scheduled for June 10, 2024, will take 3.2 hours—and therefore requests $4,165.00 for 11.9 hours of billable time. Dkt. 13, Declaration of Connor Inlow, ¶¶ 10, 11. However, because the Court grants the motion and vacates the hearing, this billable time will not be counted.

| | : |
|---|---|
| Initials of Preparer | PMC |