# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      Plaintiff,<br>v.<br><br>RISH INVESTMENTS, INC. *et al.*,<br><br>      Defendants. | Case No.:  CV 24-3276-CBM-(MRWx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND [14]  [JS-6]** |

The matter before the Court is Plaintiff The People of the State of California's ("Plaintiff's") Motion to Remand.  (Dkt. No. 14 (the "Motion").)  The matter is fully briefed.  (Dkt. Nos. 17, 18.)

## I.  BACKGROUND

On August 4, 2023, Plaintiff filed a complaint for abatement and injunction with the Los Angeles Superior Court against Defendants Rish Investments, Inc., Gazi Monirul Islam a/k/a Gazi M. Islam and Gazi Islam d/b/a New Gage Motel (collectively, "Defendants").  (*The People of the State of California v. Rish Investments, Inc.*, Case No. 23STCV18514 (Los Angeles Super. Ct.).)  The Complaint asserts three causes of action:  (1) violation of the Red Light Abatement Law, Cal. Pen. Code §§ 11225 *et seq.*; (2) violation of Cal. Civ. Code

1

§ 3479 *et seq*. (public nuisance); and (3) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17204. (Dkt. No. 1-1.) On September 19, 2023, Defendant Rish Investments, Inc. ("Rish") filed an Answer to the Complaint in the Los Angeles Superior Court action. (*See id.*) On April 21, 2024, Defendant Rish removed this action on the basis of federal question jurisdiction. (Dkt. No. 1.) On May 10, 2024, Plaintiff timely filed its Motion to Remand. (Dkt. No. 14.)[1]

## II. STATEMENT OF THE LAW

28 U.S.C. § 1441 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendant bears the burden of establishing removal is proper. *Hunter*, 582 F.3d at 1042. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*.

## III. DISCUSSION

---

[1] A motion to remand must be filed "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

2

A. **Timeliness**

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise," of (1) a copy of the initial pleading" which is removable on its face; or (2) "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, "[t]he statute provides two thirty-day windows during which a case may be removed— during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *2 (C.D. Cal. Aug. 12, 2013).

Here, Plaintiff filed a copy of the proof of service of the Summons and Complaint on Defendant Rish Investments, Inc. on August 8, 2023. (Forman-Echols Decl., Ex. 1.) However, Defendant did not file the Notice of Removal until April 21, 2024. (Dkt. No. 1.) Accordingly, to the extent it was ascertainable that the Complaint was removable on its face, Defendant's Removal was untimely because Defendant did not remove this action within 30 days of service of the summons and Complaint. 28 U.S.C. § 1446(b).

Defendant contends "[t]here was no 'unequivocally clear and certain' amended pleading, motion, or other paper in which the Defendant was placed on notice after the initial 30 day period under Section 1446(b)(3) that required removal." However, 28 U.S.C. § 1446(b) provides that removal must be made within 30 days of receipt by Defendant of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

At the hearing, defense counsel identified a November 2023 news report

3

regarding this case after which defense counsel conducted research and contends he discovered the case was removable. However, a news report and defense counsel's own research does not constitute an "amended pleading, motion order or other paper" for purposes of removal under 28 U.S.C. § 1446(b). Therefore, Defendant fails to identify any "amended pleading, motion, order or other paper" exists which made it first ascertainable that the case was removable pursuant to § 1446(b). Moreover, the Notice of Removal alleges this Court has jurisdiction because the Complaint "implicates federal jurisdiction" based on various federal statutes including 42 U.S.C. § 1982 and 42 U.S.C. § 3604. (Notice of Removal ¶¶ 7, 10.) Defendant raised 42 U.S.C. § 1982 and 42 U.S.C. § 3604 in its affirmative defenses in Defendant's Answer to the Complaint filed on September 19, 2023 in state court. (Answer ¶¶ 20, 21.) Therefore, Defendant was aware of the grounds it raised in its Notice of Removal based on 42 U.S.C. § 1982 and 42 U.S.C. § 3604 in September 2023, but did not remove this action until April 21, 2024.[2]

Accordingly, Defendant's removal was untimely. *See* 28 U.S.C. § 1446(b); *Peng v. Li*, 2021 WL 3077452, at *4 (C.D. Cal. July 21, 2021).

**B.      Federal Question Jurisdiction**

The Complaint asserts three state law causes of action for (1) violation of the Red Light Abatement Law, Cal. Pen. Code §§ 11225 *et seq.*; (2) violation of Cal. Civ. Code § 3479 *et seq.* (public nuisance); and (3) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17204. (Dkt. No. 1-1.) No federal claims are asserted, and no federal statutes are referenced in the Complaint. However, Defendant contends the "validity of the claims" in the Complaint "is inextricably bound up with the federal question of whether such an

---

[2] While Defendant identifies 42 U.S.C. § 1982 and 42 U.S.C. § 3604 as a basis for its removal which were included in its affirmative defenses, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Caterpillar*, 482 U.S.C. at 393.

4

action is preempted by the federal Victim of Trafficking Victims and Violence Protection Act of 2000" and "the construction and effect of the TVPA and other Congressional enactment dealing with abatement of interstate sex trafficking, and in its construction and effect to this cases, implicates federal jurisdiction." (Notice of Removal ¶¶ 4, 10.)

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392). Complete preemption is "an exception to the well-pleaded complaint rule," which "allows removal where federal law completely preempts a plaintiff's state-law claim." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citations omitted). However, Defendant fails to demonstrate the TVPA is a completely preemptive statute. Courts have found the TVPA is not the exclusive statute for hearing torture claims, which demonstrates the TVPA is not a completely preemptive statute. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1251 (11th Cir. 2005); *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1179 n.13 (C.D. Cal. 2005); *Wiwa v. Royal Dutch Petroleum,* 2002 WL 319887 (S.D.N.Y. Feb. 28, 2002); *Beanal v. Freeport-McMoRan, Inc.*, 969 F. Supp. 362, 380 (E.D. La. 1997), *aff'd*, 197 F.3d 161 (5th Cir. 1999).[3]

The Supreme Court has recognized an exception to the well-pleaded complaint rule for a "'special and small category' of state law claims that arise under federal law for purposes of § 1331 'because federal law is 'a necessary element of the . . . claim for relief.'" *City of Oakland*, 969 F.3d at 904 (quoting

---

[3] Despite Defendant's reference to preemption in its papers, Defendant represented to the Court at the hearing that it does not contend the TVPA is a completely preemptive statute.

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In determining whether this exception to the well-pleaded complaint rule applies, the Court must determine whether the state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Here, there is no showing by Defendant that any of the state law claims asserted in the Complaint arise under federal law because Defendant does not show the TVPA or any federal issue is "necessarily raised" by the state claims, that any federal issue is "actually disputed and substantial," or that this district court may preside over the state law claims without disturbing the balance of federal and state judicial responsibilities. *See id*.

Therefore, Defendant's removal based on federal question jurisdiction was improper.

**C.    28 U.S.C. § 1443**

Defendant also contends removal was proper pursuant to 28 U.S.C. § 1443 on the basis the state procedure does not provide for a right to a jury trial, whereas defenses raised under federal law and federal civil rights claims do provide a right to jury trials and references the Seventh Amendment.

Removal pursuant to 28 U.S.C. § 1443 must satisfy a two-part test: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. Here, Defendant fails to identify it will be deprived of any civil rights regarding racial equality. *See*

*State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966); *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) (citing *Patel*, 446 F.3d at 999); *Clark v. Kempton*, 593 F. App'x 667, 668 (9th Cir. 2015); *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 825 (1966). Defendant also fails to identify a state statute or constitutional provision that "purports to commend the state courts to ignore the federal rights." *Patel*, 446 F.3d at 998–99. Therefore, Defendant's removal pursuant to 28 U.S.C. § 1443 was improper.

**D.     Fees and Costs Incurred as a Result of the Removal**

Plaintiff seeks an award of fees and costs based on Defendant's improper removal. The Court finds there was no objectively reasonable basis for Defendant's untimely removal and Defendant's removal based on federal question jurisdiction or pursuant to 28 U.S.C. § 1443. Therefore, an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is warranted here. 28 U.S.C. § 1447(c); *see also Patel*, 446 F.3d at 999.

## IV.     CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand based on Defendant untimely and improper removal. Therefore, this action is remanded to state court.

Because "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand," this Court "retain[s] jurisdiction after the remand to entertain Plaintiff['s] [request] for attorney's fees." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Plaintiff shall file evidence regarding the reasonable fees and actual costs incurred as a result of the removal **no later than July 18, 2024**.

IT IS SO ORDERED.

DATED: June 18, 2024.

HON.  CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

7